# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1152

_____

United States of America,         *
                                   *

           Appellee,        *
                                   *   Appeal from the United States

      v.                 *   District Court for the
                                   *   Western District of Missouri.

Mark Dewayne Dunlap,       *
                                   *       [UNPUBLISHED]

          Appellant.      *

_____

Submitted:  May 18, 2006
Filed:  May 24, 2006

_____

Before WOLLMAN, BOWMAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Mark Dewayne Dunlap (Dunlap) pled guilty to producing child pornography, in violation of 18 U.S.C. § 2251(a) and (d). The district court[1] sentenced Dunlap to 151 months' imprisonment. Dunlap appeals, arguing subsections 2251(a) and (d) are unconstitutional as applied to the facts of his case, because the child pornography images were not transported in interstate or foreign commerce, thus the statutes criminalize purely intrastate production and possession of child pornography. Dunlap

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

admittedly used a camera and film that had traveled in interstate commerce. Dunlap's specific argument is foreclosed by our precedent. <u>See</u> <u>United States v. Mugan</u>, 441 F.3d 622, 628-30 (8th Cir. 2006) (holding federal statutes prohibiting the local production of child pornography using materials that have moved in interstate commerce are a permissible exercise of Congress's authority under the Commerce Clause, and homegrown child pornography enters the national market surreptitiously, feeds the national market, and stimulates demand for child pornography, demonstrating "the intrastate production and possession of child pornography is an economic activity connected to interstate commerce"); <u>cf.</u> <u>Gonzales v. Raich</u>, 125 S. Ct. 2195, 2209 (2005).

Accordingly, we affirm. <u>See</u> 8th Cir. R. 47B.

_____